## PENNSYLVANIA R. CO. v. THOMAS.

(Circuit Court of Appeals, Sixth Circuit. November 14, 1924.)

No. 4046.

**Appeal and error** ⊂⊃978(3)—**Failure of juror to disclose facts not required by questions asked held, on the facts, not ground for reversal.**

Nondisclosure of facts by a juror on his voir dire, not called for by the questions asked, but which would have led to his peremptory challenge, is not ground for reversal of the judgment, unless prejudice is so clear as to render denial of a motion for new trial by the trial court an abuse of discretion.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Frank W. Thomas against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for plaintiff in error.

R. H. Dawson and Day & Day, all of Cleveland, Ohio, for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. After Thomas had obtained a verdict against the railroad for the loss of his leg while working as a brakeman, the defendant learned that one of the jurors had long before suffered a similar accident, and had by adjustment without suit received some compensation from his employer railroad. Defendant thereupon made a motion for a new trial, claiming that it would have

challenged peremptorily if the juror had not misled it on the voir dire. Putting the facts most strongly for the defendant, this misleading consisted in his negative answer to the question: "Have you any case pending, or did you ever have any, for personal injury?"

Passing all other matters, it is apparent that any misunderstanding was primarily due to the insufficient form of the question, and that the nondisclosure was as much the fault of counsel as of the juror. With that background, we could not say there was abuse of discretion in denying the motion for new trial—at least not unless the ultimate prejudice was very clear. It is not. The trial judge did not think the verdict against the weight of the evidence. The juror's experience nearly 30 years before might have set him against all railroads, or might have emphasized in his mind the common recklessness of brakemen. The existence of substantial prejudice affecting the verdict is speculative; defendant had no absolute right to complain of the nondisclosure to which it contributed.

The judgment is affirmed.